# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**THE LANE CONSTRUCTION CORPORATION,**

      **Plaintiff,**

v.                                                     **Case No: 6:21-cv-164-RBD-DCI**

**SKANSKA USA CIVIL SOUTHEAST, INC. and SKANSKA INFRASTRUCTURE DEVELOPMENT, INC.,**

      **Defendants.**

## REPORT AND RECOMMENDATION

This cause comes before the undersigned for consideration without oral argument on the following motion:

> **MOTION:** Motion to Strike (Doc. 170)
>
> **FILED:** February 14, 2022
>
> ---
>
> **THEREON** it is **Recommended** that the motion is **GRANTED in part and DENIED in part**.

### I. Background

Counter-Defendant Skanska-Granite-Lane, A Joint Venture (SGL) filed a counterclaim[1] against Plaintiff. Doc. 97 (the Counterclaim). Plaintiff filed an answer to the Counterclaim. Doc.

---

[1] Plaintiff refers to SGL's filing (Doc. 97) as a crossclaim. *See* Doc. 147 at 2. SGL also interchangeably refers to its counterclaim as a cross-complaint. *See* Doc. 170 at 2. The name ascribed to the filing (Doc. 97) is immaterial to the undersigned's consideration of the motion.

147 (the Answer). SGL now seeks to strike six of the eight affirmative defenses[2] Plaintiff asserted in the Answer. Doc. 170 (the Motion). Plaintiff has responded to the Motion. Doc. 179 (the Response).

**II.     Standard**

Federal Rule of Civil Procedure 8(b) provides that when a party responds to a pleading, it must "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b). Rule 8(c) requires a party to "affirmatively state any avoidance or affirmative defense." "The purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it." *Hassan v. U.S. Postal Service*, 842 F.2d 260, 263 (11th Cir. 1988) (citation omitted).

Pursuant to Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A motion to strike should only be granted if "the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995) (citations omitted).

Although "an affirmative defense may be stricken if it is legally insufficient, . . . striking a defense is a drastic remedy, which is disfavored by the courts." *Adams v. JP Morgan Chase Bank, N.A.*, No. 3:11-cv-337-J-37MCR, 2011 WL 2938467, at *1 (M.D. Fla. July 21, 2011) (citations and internal quotation marks omitted); *see also Somerset Pharm., Inc. v. Kimball*, 168 F.R.D. 69, 71 (M.D. Fla. 1996) (stating that motions to strike are not favored and are often considered time wasters). "'An affirmative defense is insufficient as a matter of law only if: (1) on the face of the

---

[2] SGL seeks to strike Plaintiff's First, Third, Fifth, Sixth, Seventh, and Eighth affirmative defenses. Doc. 170.

pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law.'" *Adams*, 2011 WL 2938467, at *1 (M.D. Fla. 2011) (citation omitted). "Moreover, '[a]n affirmative defense will be held insufficient as a matter of law only if it appears that the Defendant cannot succeed under any set of facts which it could prove.'" *Id*. (citation omitted).

Courts are split regarding whether the pleading standard set forth in the Supreme Court cases of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) applies to affirmative defenses. However, the undersigned agrees with the line of cases holding that the heightened pleading standard set forth in *Twombly* and *Iqbal* does not apply to affirmative defenses. *See e.g.*, *Lawton-Davis v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-cv-1157-Orl-37GJK, 2015 WL 12839263, at *1 (M.D. Fla. Aug. 18, 2015); *Gonzalez v. Midland Credit Mgmt., Inc.*, No. 6:13-cv-1576-Orl-37TBS, 2013 WL 5970721, at *2–3 (M.D. Fla. Nov. 8, 2013); *Adams*, 2011 WL 2938467, at *2–4 (M.D. Fla. 2011).

### III.   Discussion

#### A. First Affirmative Defense

Plaintiff's First Affirmative Defense states as follows:

> SGL's claims are barred because this Court lacks subject matter jurisdiction over the claim asserted by Skanska SE against SGL because it fails to present an actual case or controversy between adverse parties.

Doc. 147 at 23.

SGL argues that Plaintiff's First Affirmative Defense is due to be stricken because it is not actually an affirmative defense. SGL also asserts substantive arguments regarding whether this defense is valid as a matter of law.

"Failure to plead an affirmative defense generally results in a waiver of that defense." *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1240 (11th Cir. 2010) (citing *Jackson v. Seaboard*

*Coast Line R. Co.*, 678 F.2d 992, 1012 (11th Cir. 1982) and Fed. R. Civ. P. 8(c)). However, "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (quoting *U.S. v. Cotton*, 535 U.S. 625, 630 (2003)). Indeed, lack of subject-matter jurisdiction may be raised "at any time." Fed. R. Civ. P. 12(h)(3). Thus, lack of subject-matter jurisdiction is not properly raised as an affirmative defense. *See BPI Sports, LLC v. ThermoLife Int'l, LLC*, 2021 WL 966011, at *4 (S.D. Fla. Mar. 5, 2021) ("Lack of subject matter jurisdiction may be raised at any time, and consequently, it is not an affirmative defense.").

When a party's asserted affirmative defense is not actually an affirmative defense, courts often decline to strike the defense and instead construe the defense as a denial. *See Muschong v. Millenium Physician Group, LLC*, No. 2:13-cv-705-FtM-38CM, 2014 WL 3341142, at *2 (M.D. Fla. Jul. 8, 2014) ("When a party incorrectly labels a negative averment as an affirmative defense rather than as a specific denial, the proper remedy is not to strike the claim but rather to treat it as a specific denial.") (citation omitted); *see also Premium Leisure, LLC v. Gulf Coast Spa Mfrs., Inc.*, 2008 WL 3927265, at *3 (M.D. Fla. Aug. 21, 2008) ("[Failure to state a claim] is a denial of [the plaintiff's] claim, rather than an affirmative defense. As such, the Court will treat it as a denial and not strike it.") (citation omitted). However, it is unclear if lack of subject-matter jurisdiction can properly be construed as a denial; moreover, Plaintiff does not argue that the Court should construe this defense as a denial in lieu of striking it. Thus, the undersigned recommends that the Court not construe this defense as a denial.

The undersigned notes that courts often strike affirmative defenses asserting lack of subject-matter jurisdiction. *See, e.g., Merrill v. Dyck-O'Neal, Inc.*, 2015 WL 4496101, at *3 (M.D. Fla. Jul. 23, 2015) (striking affirmative defense asserting lack of subject-matter jurisdiction); *see*

*also, e.g., SEC v. BIH Corp.*, 2013 WL 1212769, at *6 (M.D. Fla. Mar. 25, 2013) ("Subject matter jurisdiction is not an affirmative defense, and must be raised by a motion to dismiss. The motion to strike will be granted."); *but see Hallmark Ins. Co. v. Maxum Casualty Ins. Co.*, 2017 WL 3037637, at *3 (M.D. Fla. Jun. 27, 2017) (finding that affirmative defense asserting lack of subject-matter jurisdiction not "'redundant, immaterial, impertinent, or scandalous' to warrant striking it.") *report and recommendation adopted by* 2017 WL 3034077 (M.D. Fla. Jul. 18, 2017).

      The undersigned finds that Plaintiff's First Affirmative Defense is "redundant." Fed. R. Civ. P. 12(f). Plaintiff raised the issue of subject-matter jurisdiction in a pending motion to dismiss (Doc. 161), so it is unclear what purpose asserting this affirmative defense now serves. Plaintiff argues that asserting lack of subject-matter jurisdiction as an affirmative defense "provided all parties advance notice of [Plaintiff's] forthcoming motion regarding the Court's subject matter jurisdiction." Doc. 179 at 4. The undersigned finds this argument unpersuasive. *See, e.g., FTC v. North East Telecommunications, Ltd.*, 1997 WL 599357, at *2 (S.D. Fla. Jun. 23, 1997) ("[N]or would [the plaintiff] be surprised if the Defendant raised [lack of subject-matter jurisdiction] later in the proceeding. Lack of subject-matter jurisdiction may [be] raised at any time. Therefore, [this defense] is stricken.") (citation omitted). The undersigned also finds that striking this defense serves the purpose of promoting judicial economy; e.g., the Court will consider the merits of Plaintiff's argument in the pending motion to dismiss, which is a proper avenue to assert lack of subject-matter jurisdiction. *See, e.g., SEC v. BIH Corp.*, 2013 WL 1212769, at *6 (M.D. Fla. Mar. 25, 2013) ("Subject matter jurisdiction is not an affirmative defense, and must be raised by a motion to dismiss."). Thus, the undersigned finds that Plaintiff's First Affirmative Defense is due to be stricken.

Accordingly, the undersigned respectfully recommends that Plaintiff's First Affirmative Defense be stricken.[3]

### B. Third and Fifth Affirmative Defenses

Plaintiff's Third Affirmative Defense states as follows:

> SGL's claims are barred because managing party Skanska SE's breach of its fiduciary duties to Lane and the joint venture excused any obligation on the part of Lane to make further capital contributions to the Joint Venture, even if they were validly issued.

Doc. 147 at 23–24. Plaintiff's Fifth Affirmative Defense states as follows:

> SGL's claims are barred because managing party Skanska SE's breach of its obligation of good faith and fair dealing excused any obligation on the part of Lane to make further capital contributions to the Joint Venture, even if they were validly issued.

*Id.* at 24.

SGL argues that Plaintiff's Third and Fifth Affirmative Defenses are due to be stricken because Skanska's alleged wrongdoing does not excuse Plaintiff's obligations to SGL. SGL also argues that these affirmative defenses improperly seek partial recission of the Joint Venture Agreement (JVA).

SGL's first argument would require the Court to resolve a factual dispute—that being the degree of control that Skanska exerts over SGL and, thus, whether Skanska's alleged wrongdoing is attributable to SGL. Affirmative defenses should not be stricken when they depend on the resolution of factual issues. *See Muschong v. Millenium Physician Group, LLC*, No. 2:13-cv-705-FtM-38CM, 2014 WL 3341142, at *2 (M.D. Fla. Jul. 8, 2014) ("At the pleading stage, the Court will assume the truth of the facts asserted in both Plaintiff's Complaint and Defendant's Affirmative

---

[3] The undersigned presents no opinion on the merits of SGL's substantive arguments vis-à-vis subject-matter jurisdiction; that issue is currently pending before the Court in a separate motion to dismiss and the responses thereto. Docs. 161; 177; 178.

Defenses and not resolve factual disputes. . . . Here, the Defendants are making a factual challenge to the Plaintiff's claims and the Court must accept it as true at this point in the proceedings. Therefore, the Motion to strike the third affirmative defense is due to be denied.").

SGL next argues that even if Skanska's alleged wrongdoing were attributable to SGL, Plaintiff would only be entitled to rescind the entire JVA or to continue to perform under the JVA and sue for damages. SGL asserts that Plaintiff is seeking an improper partial recission—i.e., rescission of only Plaintiff's obligation to contribute working capital calls. Plaintiff denies that it is seeking any rescission of the JVA, partial or otherwise. Doc. 179 at 9 n.6.

As such, Plaintiff's Third and Fifth Affirmative Defenses pose the kind of disputed questions of law and fact that should not normally be decided in a motion to strike. *See PNC Bank, N.A. v. Haghighi Family and Sports Medicine, P.A.*, 2017 WL 7311870, at *2 (M.D. Fla. June 2, 2017) ("'[W]hen there is no showing of prejudicial harm to the moving party, the courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike." (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)) (other citations omitted). Resolving disputed and substantial questions of law in a motion to strike is especially inappropriate when there has been no showing of prejudicial harm to the moving party. *See id.* Here, SGL has not shown any prejudicial harm. Thus, consideration of the merits of these affirmative defenses at this stage of the case is unwarranted.

In addition, the undersigned finds that these affirmative defenses meet the applicable pleading standard. *See Hassan*, 842 F.2d 260, 263 (11th Cir. 1988) (citation omitted)

Accordingly, the undersigned respectfully recommends that Plaintiff's Third and Fifth Affirmative Defenses not be stricken.

### C. Sixth Affirmative Defense

Plaintiff's Sixth Affirmative Defense states as follows:

> SGL's claims are set off or offset by damages owed to Lane by SGL due to damages incurred by Lane as a result of the actions of SGL's agent, Skanska SE.

Doc. 147 at 24.

SGL argues that Plaintiff's Sixth Affirmative Defense is due to be stricken because there is no mutuality between SGL and Plaintiff. SGL also argues that Lane's alleged damages appear to be based in tort and that contractual damages cannot be offset by tort damages.

SGL's first argument would require the Court to resolve a factual dispute; again, the degree of control that Skanska exerts over SGL and, thus, whether Skanska's alleged wrongdoing is attributable to SGL. Affirmative defenses should not be stricken when they depend on the resolution of factual issues. *See Muschong*, No. 2:13-cv-705-FtM-38CM, 2014 WL 3341142, at *2 (M.D. Fla. Jul. 8, 2014).

SGL's next argument puts forth a disputed and substantial question of law, that being whether tort damages can offset contractual damages. The Florida Supreme Court has held that "unliquidated damages resulting from a tort cannot be made available as a set-off in an action for breach of a written contract." *Griffing Bros. Co. v. Winfield*, 53 Fla. 589, 595 (Fla. 1907). However, Plaintiff's Sixth Affirmative Defense asserts that SGL's claims are "set off *or offset*" by damages owed to Plaintiff. Doc. 147 at 24 (emphasis added). A set-off is not the only means by which to "offset" damages—recoupment may also "offset" damages. As a court in this District has explained:

> Recoupments and set-offs are legal mechanisms to *offset*, displace, or deduct one's liability against that of the opposing party. A "set-off" is a legal term of art which refers to a counterclaim demand, arising out of a transaction extrinsic to plaintiff's cause of action. A recoupment, on the other hand, is a claim arising out of the same transaction between the same parties.

*Southern Broadcast Group, LLC v. Gem Broadcasting, Inc.*, 145 F. Supp. 2d 1316, 1331 n.9 (M.D. Fla. Jun. 7, 2001) (citing *Cherney v. Moody*, 413 So. 2d 866, 868 (Fla. 1st DCA 1982)) (emphasis original). The Eleventh Circuit has observed:

> [A]s the Florida state courts have explained, recoupment is "a purely defensive matter springing from the same transaction as the plaintiffs' cause of action, which is available only to reduce or satisfy a plaintiffs' claim.... A recoupment defense is analogous to a compulsory counterclaim, in that both 'spring' from the same transaction as the plaintiff's cause of action."

*In re Sundale, Ltd.*, 499 F. App'x 887, 892 (11th Cir. 2012) (quoting *Kellogg v. Fowler, White, Burnett, Hurly, Banick & Strickroot, P.A.*, 807 So. 2d 669, 670 n.2 (Fla. 4th DCA 2001)). Further, the Florida Supreme Court has found that recoupment may allow tort damages to offset contractual damages. *See Jarrett Lumber Co. v. Reese*, 66 Fla. 317, 320–321 (Fla. 1913) ("These facts, independent of the use of the word 'set-off,' make the plea one of recoupment, and in such a plea damages for the negligent performance of the contract may be recovered, at least to the extent of plaintiff's claim.").

In sum, Plaintiff's Sixth Affirmative Defense fairly encompasses recoupment as a theory to offset damages allegedly owed by Plaintiff.[4] Doc. 147 at 24. And recoupment may allow tort damages to offset contractual damages. *See Jarrett Lumber Co.*, 66 Fla. 317, 320–321 (Fla. 1913). Further, SGL does not argue that offset via recoupment is inapplicable or is clearly invalid as a matter of law. Thus, SGL has not carried its "burden of demonstrating that the challenged matter should be stricken." *Rubinstein v. Keshet Inter Vivos Trust*, 2019 WL 295942, at *4 (S.D. Fla.

---

[4] Plaintiff's Sixth Affirmative Defense does not contain the word recoupment, but the undersigned nonetheless finds that recoupment is fairly encompassed by it. *See, e.g., Jarrett Lumber Co. v. Reese*, 66 Fla. 317, 320–321 (Fla. 1913) ("**These facts, independent of the use of the word 'set-off,' make the plea one of recoupment,** and in such a plea damages for the negligent performance of the contract may be recovered, at least to the extent of plaintiff's claim.") (emphasis added).

Jan. 29, 2019) (quoting *Cincinnati Ins. Co. v. Quorum Mgmt. Corp.*, 2014 WL 585426, at *2 (M.D. Fla. Feb. 14, 2014)). Indeed, even if SGL had advanced these arguments, these are substantial questions of law and fact which should not be decided in a motion to strike—especially absent a showing of prejudicial harm. *See PNC Bank*, 2017 WL 7311870, at *2 (M.D. Fla. June 2, 2017). And again, SGL has not shown any prejudicial harm. *See id.* Thus, the undersigned rejects this argument.

Accordingly, the undersigned respectfully recommends that Plaintiff's Sixth Affirmative Defense not be stricken.

### D. Seventh Affirmative Defense

Plaintiff's Seventh Affirmative Defense states as follows:

> SGL is judicially estopped from proceeding on its claim in this Court because of the stay of [*sic*] issued by the Circuit Court of the Ninth Judicial District for Orange County, Florida.

Doc. 147 at 24.

SGL argues that Plaintiff's Seventh Affirmative Defense is due to be stricken because it fails to satisfy the pleading standard. SGL also argues that this affirmative defense is due to be stricken because SGL has dismissed the state case, thus rendering this affirmative defense moot.

As an initial matter, the undersigned has recommended that the Court not apply the heightened pleading standard of *Twombly* and *Iqbal* to the affirmative defenses here. *See e.g.*, *Lawton-Davis*, No. 6:14-cv-1157-Orl-37GJK, 2015 WL 12839263, at *1 (M.D. Fla. Aug. 18, 2015); *Gonzalez*, No. 6:13-cv-1576-Orl-37TBS, 2013 WL 5970721, at *2–3 (M.D. Fla. Nov. 8, 2013); *Adams*, 2011 WL 2938467, at *2–4 (M.D. Fla. 2011). As such, the undersigned applies the standard which requires that an affirmative defense simply give "notice of any additional issue

that may be raised at trial." *Hassan*, 842 F.2d 260, 263 (11th Cir. 1988) (citation omitted). The undersigned finds that Plaintiff's Seventh Affirmative Defense satisfies this standard. *See id.*

SGL also asserts that its voluntary dismissal of the state case "conclusively resolv[ed] any further dispute on this point." Doc. 170 at 20. In other words, SGL asserts that Plaintiff's Seventh Affirmative Defense is moot. However, the undersigned notes that SGL designated its voluntary dismissal of the state case as "without prejudice." Doc. 170-1. Further, Plaintiff asserted this affirmative defense while the state case was still pending, and it appears that SGL could refile the same claims in another state case at any time prior to the scheduled trial in this case. Docs. 170-1; 170-2. Thus, the undersigned finds that the better course is to not strike this affirmative defense.

Accordingly, the undersigned respectfully recommends that Plaintiff's Seventh Affirmative Defense not be stricken.

### E. Eighth Affirmative Defense

Plaintiff's Eighth Affirmative Defense states as follows:

> SGL's claims are barred because they constitute improper claim splitting because SGL has already brought the same claims in a related action instituted in Circuit Court of the Ninth Judicial District for Orange County, Florida.

Doc. 147 at 25.

SGL argues that Plaintiff's Eighth Affirmative Defense is due to be stricken because the Court has already ruled on this issue. *See* Doc. 127 at 7–8.

A court may strike an affirmative defense when the court has already ruled on the underlying issue. *See, e.g., SEC v. 1 Global Capital LLC*, 331 F.R.D. 434, 438–439 (S.D. Fla. May 23, 2019) ("[T]he Court may strike an affirmative defense where that the issue has already been ruled upon at the motion to dismiss stage."); *see also, e.g., Luxottica Group, S.p.A. v. Airport Mini Mall, LLC*, 186 F. Supp. 3d 1370, 1375–1376 (N.D. Ga. May 16, 2016) ("Defendants'

assertion of [failure to state a claim] at this stage of these proceedings is immaterial because the Court has already determined that Plaintiffs' Amended Complaint states a plausible claim upon which relief can be granted . . .  Accordingly, [this defense] is STRUCK."); *but see Stephen v. Wilson*, No. 2:12-CV-488-FtM-38MRM at Doc. 391, 2016 WL 4549000, at *3 (M.D. Fla. Aug. 31, 2016) ("The Court agrees that it has ruled [on this issue], but the Court also finds that no purpose would be served by striking these defenses at this point.").

Here, the undersigned finds that Plaintiff's Eighth Affirmative Defense is "immaterial," Fed. R. Civ. P. 12(f), because the Court has already ruled on the underlying issue. Doc. 127 at 7–8; *see Luxottica Group, S.p.A.*, 186 F. Supp. 3d at 1375–1376 (N.D. Ga. May 16, 2016). Further, the undersigned finds that striking this defense may serve some purpose at this stage of the proceedings. *Cf. Stephen v. Wilson*, Case No. 2:12-CV-488-FtM-38MRM at Doc. 391, 2016 WL 4549000, at *3 (M.D. Fla. Aug. 31, 2016). For instance, striking this defense may narrow the scope of discovery in this case; discovery is not set to close for roughly four months. C*f. id.* (declining to strike an affirmative defense roughly a week before trial began); *see* Doc. 117. Therefore, the undersigned finds that Plaintiff's Eighth Affirmative Defense is due to be stricken.

Accordingly, the undersigned respectfully recommends that Plaintiff's Eighth Affirmative Defense be stricken.

## IV.   Conclusion

For the foregoing reasons, the undersigned respectfully **Recommends** that the Motion (Doc. 170) be **GRANTED in part**, such that:

1) Plaintiff's First and Eighth Affirmative Defenses be stricken in their entirety; and
2) The Motion (Doc. 170) be **DENIED** in all other respects.

**Recommended** in Orlando, Florida on April 12, 2022.

*[signature]*

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE