IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| THE LANE CONSTRUCTION CORPORATION,<br><br>    Plaintiff,<br><br>  v.<br><br>SKANSKA USA CIVIL SOUTHEAST, INC.; and GRANITE CONSTRUCTION COMPANY,<br><br>    Defendants,<br><br>  v.<br><br>SALINI IMPREGILO S.P.A. n/k/a WEBUILD S.P.A. INC.; and SKANSKA-GRANITE-LANE,<br><br>    Third-Party Defendants. | Case No. 6:21-cv-00164-RBD-DCI |

**LANE'S OBJECTION TO MAGISTRATE'S REPORT
AND RECOMMENDATION GRANTING IN PART AND
DENYING IN PART MOTION FOR PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 72, Plaintiff The Lane Construction Corporation ("Lane") respectfully objects to portions of the Report and Recommendation of Magistrate Judge Irick (Dkt. 344) (the "R&R") granting in part and denying in part Granite Construction Company's ("Granite's") and Peckar & Abramson, P.C.'s ("Peckar's") motion for protective order (Dkt. 272)

(the "Motion") regarding documents withheld pursuant to the common interest doctrine. Lane is simultaneously filing a motion requesting that Magistrate Judge Irick clarify or reconsider the R&R, and thus files this objection out of an abundance of caution to preserve its right to object to the R&R in the event that the motion is denied.

In the R&R, Judge Irick held that Skanska USA Civil Southeast ("Skanska SE") waived attorney-client privilege as to documents related to "Supplemental Agreement 22," the settlement executed by the SGL joint venture to resolve certain project claims, by asserting advice of counsel as an affirmative defense. *See* Dkt. 344 at 6-7. Lane agrees with this holding, except to the extent that the R&R erroneously omits that Skanska SE's advice of counsel defense also waived privilege as to communications related to termination of the project contracts. Communications related to termination may exist independent from documents related to Supplemental Agreement 22. Lane therefore requests that the Court modify the R&R to order Skanska SE and Granite to produce documents related to termination.

## I. BACKGROUND

1. Lane served document requests on Granite on October 21, 2021 and on June 16, 2022, and on Peckar on May 2, 2022. Dkt. 241-1, Exs. B-D.

2.  In response to such requests, Peckar and Granite withheld documents under a claimed common interest privilege between Skanska SE, Granite, and SGL. *See* Dkt. 241-11 ¶3; Dkt. 241-1 ¶6.

3.  Lane moved to compel such documents, disputing the common interest privilege claim. Dkt. 241.

4.  Judge Irick held a hearing on Lane's motion and subsequently denied the motion as moot and requested that Peckar and Granite file a motion for protective order asserting the privilege. Dkt. 253.

5.  Peckar and Granite filed such motion for protective order, Dkt. 272, and Lane responded, Dkt. 289.

6.  On November 7, 2022, Judge Irick issued the R&R granting in part and denying in part the Motion. Dkt. 344. Specifically, Judge Irick accepted Peckar's and Granite's claims that certain documents were protected by the common interest privilege, but found that the privilege was waived as to certain communications by Skanska SE's assertion of advice of counsel as an affirmative defense. *See* Dkt. 344 at 5-7.

## II.  LEGAL STANDARD

"When a party makes a timely and specific objection to a magistrate judge's report and recommendation, the district judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations

to which objection is made." *Stansell v. Revolutionary Armed Forces of Colombia*, 2019 WL 2537791, at *2 (M.D. Fla. June 20, 2019) (quotation marks omitted). "The district judge may accept, reject, or modify in whole or in part, the report and recommendation of the magistrate judge." *Id.* (citing Fed. R. Civ. P. 72). "The district judge may also receive further evidence or recommit the matter to the magistrate judge with further instruction." *Id.*

### III. ARGUMENT

Skanska SE waived privilege as to communications relating to both termination of the project contracts and Supplemental Agreement 22 by putting advice of counsel at issue. Florida federal courts have consistently held that the attorney-client privilege is waived when a party relies on advice of counsel as a defense to a claim or claims against it. *See, e.g.*, *Ludwig v. Liberty Mut. Fire Ins. Co.*, 2005 WL 8160171, at *6-7 (M.D. Fla. Sept. 28, 2005); *United States v. Bachynsky*, 2007 WL 1521499, at *3 (S.D. Fla. May 22, 2007).

Here, Skanska SE waived privilege as to communications relating to termination of the project contracts and Supplemental Agreement 22 by asserting the following affirmative defense:

> Skanska SE asserts that Lane's claims are barred, in whole or in part, to the extent that Skanska SE consulted with counsel and considered the advice of its legal counsel when it voted for decisions which Lane alleges were improper. Specifically, Skanska SE reasonably relied upon the advice of SGL's counsel, as well as its own independent counsel.

4

Dkt. 57 at 20. Magistrate Judge Irick correctly held that such affirmative defense "waived the attorney-client privilege as to the Withheld Documents related to Supplemental Agreement 22 because Defendant Skanska must necessarily present evidence of these communications at trial to prove its claims." Dkt. 344 at 6-7 (cleaned up).

However, privilege was also waived as to documents concerning termination of the project contracts. The key "decision[] which Lane alleges w[as] improper" was Skanska SE's decision to vote against pursing termination. *See* Dkt. 1 at 17, ¶67 ("Skanska SE breached its duties of loyalty and care to Lane by refusing to consider pursuing and then failing to exercise SGL's legal rights to pursue termination of the Design-Build Agreement and Concession Agreement …."). Communications between Skanska SE and its counsel related to termination were therefore put at issue by Skanska SE's affirmative defense. And as a result, such communications cannot be withheld as privileged. *See Ludwig*, 2005 WL 8160171, at *7 ("To the extent that Defendant is relying on … 'advice of counsel,' directly or by inference, any claimed attorney-privilege covering documents and information … would be deemed waived.").

Modification of the R&R to clarify that Skanska SE's privilege waiver applies to both termination and Supplemental Agreement 22 would have a meaningful impact on the scope of the waiver. The parties' decisions regarding

5

termination and Supplemental Agreement 22 were related, but distinct. While the issue of whether to pursue termination was ultimately put to a vote by the joint venture alongside the issue of whether to execute Supplemental Agreement 22, the partners discussed—and received advice of counsel—regarding termination starting in 2018, before Supplemental Agreement 22 was under development. Termination was also discussed and analyzed by the partners as a distinct option from Supplemental Agreement 22. Thus, it does not follow that all communications regarding termination would be encompassed by communications regarding Supplemental Agreement 22.

### III.   CONCLUSION

For the foregoing reasons, Lane respectfully requests that this Court decline to adopt the portions of the R&R limiting the finding of waiver to documents "related to Supplemental Agreement 22" and instead order that Skanska SE and Granite produce "the Withheld Documents related to Supplemental Agreement 22 *and/or termination of the project contracts*."

Date:  November 21, 2022          Respectfully submitted,

By: */s/ Brendan Hennessey* _____

Michael McNamara (Of Counsel)
DC Bar Number: 493773 (*pro hac vice*)
Email: michael.mcnamara@pillsburylaw.com
Jeffrey Gans (Of Counsel)

6

DC Bar Number: 452332(*pro hac vice*)
Email: jeffrey.gans@pillsburylaw.com
Gerald Zingone (Of Counsel)
DC Bar Number: 396604 (*pro hac vice*)
Email: gerald.zingone@pillsburylaw.com
Brendan Hennessey (Of Counsel)
DC Bar Number: 1030821 (*pro hac vice*)
Email: brendan.hennessey@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
1200 Seventeenth Street, NW
Washington, DC 20036
(202) 663-8000

Shani Rivaux (Trial Counsel)
FL Bar Number: 42095
Email: shani.rivaux@pillsburylaw.com
Jennifer G. Altman (Trial Counsel)
FL Bar Number: 881384
Email: jennifer.altman@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
600 Brickell Avenue
Suite 3100
Miami, FL 33131
(786) 913-4900


Denis L. Durkin (Of Counsel)
FL Bar Number: 237132
Primary Email: ddurkin@bakerlaw.com
Secondary email: fapodaca@bakerlaw.com
orlbakerdocket@bakerlaw.com
BAKER & HOSTETLER LLP
2300 SunTrust Center
200 South Orange Avenue
Post Office Box 112
Orlando, FL 32802-0112
(407) 649-4000

*Attorneys for Plaintiff The Lane Construction Corporation and Third-Party Defendant WeBuild S.P.A., Inc.*

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.10(g)**

Prior to filing, counsel for Lane conferred with counsel for Skanska and Granite in a good faith effort to resolve the issues raised by this Objection. The parties, however, were unable to come to a resolution of the above-referenced issues.

*/s/ Jeffrey Gans*

## **CERTIFICATE OF SERVICE**

I certify that on November 21, 2022, I filed the foregoing using the Court's case management electronic case filing system, which will automatically serve notice of the filing on registered users of that system.

*/s/ Brendan Hennessey*
