# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**THE LANE CONSTRUCTION CORPORATION,**

      **Plaintiff,**

v.                                                      **Case No: 6:21-cv-164-RBD-DCI**

**SKANSKA USA CIVIL SOUTHEAST, INC. and SKANSKA INFRASTRUCTURE DEVELOPMENT, INC.,**

      **Defendants.**

## ORDER

Before the Court are two related motions: Plaintiff's Motion to Strike Skanska's Improper Deposition Transcript Errata (Doc. 339; the Skanska Errata Motion) and Plaintiff's Motion to Strike Granite's Improper Deposition Transcript Errata (Doc. 340; the Granite Errata Motion). Both Motions are due to be denied.

Federal Rule of Civil Procedure 30(e) provides that:

> On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:
>
> (A) to review the transcript or recording; and
>
> (B) if there are changes *in form or substance*, to sign a statement listing the changes and the reasons for making them.

Fed. R. Civ. P. 30(e)(1) (emphasis added). Courts are split on the types of changes allowed under Rule 30(e), and "the Eleventh Circuit itself has not squarely interpreted the effect of Rule 30(e)[.]" *De Fernandez v. Seaboard Marine, Ltd.*, 2022 WL 2304513, at *3 (S.D. Fla. June 27, 2022)

(citing *Chavez v. Arancedo*, 2018 WL 1136673, at *2 (S.D. Fla. May 24, 2018)).  The majority of courts take a broad (or perhaps, more aptly, a natural) reading of Rule 30(e) and allow substantive changes.  As one court has explained:

> This Court concludes that the broad reading of Rule 30(e)—permitting changes to form or substance—is the better reasoned view, and is the approach taken by the majority of courts that have addressed the issue. This approach makes more sense for several reasons. First, the plain language of the statute contemplates changes in substance of deposition testimony. Fed. R. Civ. P. 30(e)(1). *Cultivos Yadran S.A. v. Rodriguez*, 258 F.R.D. 530, 533 (S.D. Fla. 2009) (noting that the majority of courts considering the issue have adopted the broad interpretation). Further, allowing deposed parties to clarify testimony and correct errors "furthers the purpose of the discovery process-to allow the parties to elicit the true facts of a case before trial." *Id.*, 258 F.R.D. at 533 ("Allowing a witness to change his deposition before trial eliminates the likelihood of deviations from the original deposition in his testimony at trial ....").
>
> Further, safeguards are available to prevent against possible abuse or prejudice stemming from Rule 30(e) modifications. First, the "original answers remain part of the record and [may] be read at trial." [*Unlimited Resources Inc. v. Deployed Resources, LLC*, 2010 WL 55613, at *3 (M.D. Fla. Jan. 5, 2010)]. This reduces litigants' interests in abusing Rule 30(e), as "original answers as well as the changes and the reasons would be subject to examination by the trier of fact." *Id.* (citing *Lugtig v. Thomas*, 89 F.R.D. 639, 641 (N.D. Ill. 1981)). Second, the deposition may be reopened in order to confront the changes. *Id.* "The party making the changes must bear the costs of the reopening of the deposition." *Id.*

*Lee-Bolton v. Koppers, Inc.*, 2015 WL 11111046, at *2 (N.D. Fla. June 15, 2015).  However, despite the plain language of Rule 30(e), "[s]ome courts have adopted a narrow interpretation of Rule 30(e) and only permit corrections of typographical or transcription errors—not substantive modifications to deposition testimony."  *In re Ability (Aripiprazole) Products Liability Litigation*, 2018 WL 1627812, at *2 (N.D. Fla. Apr. 4, 2018).  The Court chooses to follow the broad, natural reading of Rule 30(e) which allows for substantive changes to deposition testimony.

The Court notes that the errata sheet changes in the Skanska Errata Motion are substantive but they appear to be consistent with prior deposition testimony.  *Compare* Doc. 339-2 at 5 *with* Doc. 339-3 at 2; Doc. 339-4 at 5.  The errata sheet changes in the Granite Errata Motion are also

substantive but they are consistent with the prior testimony. Doc. 340-4 at 5–7. Indeed, the Granite errata sheet changes mirror a prior answer given in the same line of questioning. *Id.* at 5.

Though the changes are substantive, they are arguably consistent, so the Court does not find that striking the errata sheets is warranted; Rule 30(e) plainly allows for changes in substance. However, the undersigned presents no opinion on whether these errata sheets create a genuine issue of material fact vis-à-vis Plaintiff's summary judgment motions. *See Reynolds v. Int'l Business Machines Corp.*, 320 F. Supp. 2d 1290, 1301 (M.D. Fla. May 26, 2004), *aff'd* 125 F. App'x 982 (11th Cir. 2004) ("The amendments to Mr. Reynolds' testimony will therefore be disregarded."); *see also, e.g., Van T. Junkins and Associates v. U.S. Industries, Inc.*, 736 F.2d 656, 657 (11th Cir. 1984) ("When a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony."). That decision is best made with a full consideration of the record at summary judgment. *See Reynolds*, 320 F. Supp. 2d at 1301 (disregarding errata sheet changes at summary judgment).

Ultimately, the undersigned finds that the errata sheet changes should not be stricken but provides no opinion on whether or what weight might be attributed to those changes in the context of the pending summary judgment motions.[1] Accordingly, it is hereby **ORDERED** that:

1) The Skanska Errata Motion (Doc. 339) is **DENIED**; and

---

[1] The undersigned notes the somewhat suspect timing of the errata sheets, especially the errata sheet at issue in the Granite Errata Motion, which was served on Plaintiff the day after Plaintiff filed for summary judgment. Doc. 340-1 at 1–2. *See, e.g., Van T. Junkins and Associates v. U.S. Industries, Inc.*, 736 F.2d 656, 657 (11th Cir. 1984) ("When a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony.").

2) The Granite Errata Motion (Doc. 340) is **DENIED**.

**ORDERED** in Orlando, Florida on December 23, 2022.

                                            DANIEL C. IRICK
                                            UNITED STATES MAGISTRATE JUDGE