# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**THE LANE CONSTRUCTION CORPORATION,**

        **Plaintiff,**

**v.**                                                          **Case No: 6:21-cv-164-RBD-DCI**

**SKANSKA USA CIVIL SOUTHEAST, INC.,**

        **Defendant.**

_____

## ORDER

This cause comes before the Court for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **Granite Construction Company's Motion for Determination of Entitlement to Attorneys' Fees and Expenses (Doc. 559)** |
| **FILED:** | **August 1, 2024** |
| **MOTION:** | **Skanska USA Civil Southeast, Inc.'s Amended Motion for Entitlement to Attorney's Fees and Costs (Doc. 562)** |
| **FILED:** | **August 6, 2024** |
| **MOTION:** | **Skanska-Granite-Lane's Motion on Entitlement to Attorneys' Fees and Costs (Doc. 567)** |
| **FILED:** | **August 8, 2024** |

**THEREON** it is **ORDERED** that the motions are **DENIED without prejudice**.

These motions come before the Court following a lengthy process that concluded with a ten-day bench trial ending on October 27, 2023.  Docs. 510-519.  On May 3, 2024, the Court issued

a Memorandum Opinion and Order.  Doc. 547 (the Opinion).  In the Opinion, the Court directed the prevailing parties to file separate motions for entitlement to attorney fees pursuant to Local Rule 7.01.  Doc. 547 at 39.  On July 26, 2024, the Court entered judgment.  Doc. 556.

Between August 1 and August 8, 2024, three motions for entitlement to attorney fees were filed.  Docs. 559; 562; 567 (the Motions).  Then, on August 13, 2024, Plaintiff and Counter-Defendant Webuild S.p.A, Inc. each filed a Notice of Appeal to the United States Court of Appeals for the Eleventh Circuit appealing the judgment entered by the Court.  Docs. 572, 573.

In light of the pending appeal, the Court will deny the Motions without prejudice and direct the parties to re-file their motions for entitlement to attorney fees upon resolution of the appeal by the Eleventh Circuit, if necessary and appropriate.

As explained by the Advisory Committee Notes to Rule 54(d)(2): "If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved."  Fed. R. Civ. P. 54, Advisory Committee Notes (1993 Amendments); *see also Financial Info. Techs., LLC v. Icontrol Sys., USA, LLC¸* 2020 WL 7074360, at *1 (M.D. Fla. Dec. 3, 2020) (collecting cases wherein the court denied the motion for attorney fees without prejudice and deferred judgment until after the final appellate decision). Here, the outcome of the appeal may affect entitlement to, and the amount of, attorney fees and costs.  Accordingly, in the interests of efficiency and economy for both the Court and the parties, it is **ORDERED** that:

1. the Motions (Docs. 559, 562, 567) are **DENIED without prejudice**; and

2. the parties may file motions for entitlement to attorney fees and non-taxable costs within 21 days after the pending appeal is resolved by the issuance of an appellate

mandate, dismissal, or otherwise.  Failure to file a motion for entitlement to attorney

fees and non-taxable costs within the allotted time, absent a court-authorized extension

granted prior to the expiration of that time, may result in the denial of any subsequent

motion seeking an award of attorney fees and non-taxable costs.

**ORDERED** in Orlando, Florida on August 20, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE